**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SPRING STREET APTS WACO, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | **C.A. NO. 6:16-CV-00315** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY and** | § | |
| **CRAWFORD & COMPANY,** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332 and 1446(a), **Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled case, files this Notice of Removal from the District Court of McLennan County, Texas, 414th Judicial District, to the United States District Court for the Western District of Texas, Waco Division, and in support states as follows:

**INTRODUCTION**

1.      Plaintiff is Spring Street Apts Waco, LLC ("Plaintiff").

2.      Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") is one of the two Defendants that Plaintiff has named.

3.      Crawford & Company ("Crawford") is the second Defendant that Plaintiff has named.

4.      On June 30, 2016, Plaintiff filed suit against Philadelphia and Crawford.  *See* Plaintiff's Original Petition, attached as **Exhibit A**.  Plaintiff has asserted causes of action arising under Texas law for breach of contract, violations of chapters 541 and 542 of the Texas Insurance Code, violation of the Deceptive Trade Practices–Consumer Protection Act ("DTPA"),

breach of the duty of good faith and fair dealing, negligence, negligent misrepresentation and common-law fraud. *See* Exhibit A, ¶¶ 28-73, at pp. 6-13.

5.  Plaintiff obtained service of process upon Philadelphia Indemnity on July 28, 2016. *See* Service of Process Transmittal, attached as **Exhibit B**, by which Plaintiff's Original Petition was served upon the registered agent for service for Philadelphia Indemnity on that date.

6.  Philadelphia Indemnity is therefore timely filing this Notice of Removal, as Philadelphia Indemnity is removing this action may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

7.  Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing McLennan County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

8.  This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

**A.  Complete Diversity of Citizenship Exists.**

9.  Plaintiff is a Texas limited liability company that maintains its principal place of business in Dallas County, Texas. *See* Exhibit A, ¶ 2, at 1.

10.  Philadelphia Indemnity is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of John P. Kirby, attached as **Exhibit C** (attesting to the

facts that Philadelphia Indemnity is incorporated in Pennsylvania). Philadelphia Indemnity maintains its principal place of business in Pennsylvania. *See id.*

11.     Complete diversity of citizenship therefore exists between all plaintiffs and all defendants.

**B.**    **The Amount in Controversy Exceeds $75,000.**

12.     Plaintiff's Original Petition omitted a statement of the amount in controversy, which Rule 47 of the Texas Rules of Civil Procedure requires:

> An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:
>
>            *    *    *
>
> (c)  except in suits governed by the Family Code, a statement that the party seeks:
>
>     (1)  only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
>
>     (2)  monetary relief of $100,000 or less and non-monetary relief; or
>
>     (3)  monetary relief over $100,000 but not more than $200,000; or
>
>     (4)  monetary relief over $200,000 but not more than $1,000,000; or
>
>     (5)  monetary relief over $1,000,000; . . . .

*See* TEX. R. CIV. P. 47.

13.     Despite this state court pleading deficiency, on or about May 18, 2016, Plaintiff's counsel sent the undersigned counsel for Philadelphia Indemnity a pre-suit letter in compliance with the Texas Insurance Code and the DTPA. *See* TEX. INS. CODE § 541.154(a)-(b) (requiring a person seeking damages under chapter 541 to provide written notice to the respondent, at least 61 days before filing a lawsuit, setting forth the specific complaint and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person"); TEX. BUS. & COM. CODE § 17.505(a) (same requirement for DTPA).

14.     In relevant part, that letter, a redacted copy of which is attached as **Exhibit D**, states as follows:

> This letter will serve as the requisite notice under the Texas Insurance Code and Deceptive Trade Practices Act that Spring Street Apartments Waco, LLC ("Spring Street") intends to file suit against your client for unfair settlement practices....
>
> * * *
>
> Because your client has failed to pay the benefits owed to my client in a timely and proper manner, my client plans to seek relief under common law, the Texas Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.  However, based upon your client's actions, and the availability of such contractual and extra-contractual damages, my client will seek treble damages in the amount of $3,187,722 (triple the amount of **$1,062,574 in actual damages**) plus $354,191 in attorney's fees....

*See* Exhibit D (emphasis added).

15.     Based on the foregoing, Plaintiff seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

## C.     Removal Is Appropriate Under the Court's Diversity Jurisdiction.

16.     In light of these facts, the state court claim may be removed to this Court by Philadelphia Indemnity in accordance with the provisions of 28 U.S.C. § 1332 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states or, alternatively, this action is between citizens of a State and citizens or subjects of a foreign state; and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

17.     Pursuant to 28 U.S.C. § 1446(d), Philadelphia Indemnity is providing written notice of the filing of this Notice of Removal to all counsel of record.  Further, Philadelphia

---

Indemnity is filing a copy of this Notice of Removal with the Clerk of the 414th Judicial District Court of McLennan County, Texas, where this action was commenced.

18.     Philadelphia Indemnity is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Western District of Texas Local Rule 81.1: (a) a completed civil cover sheet, JS-44; (b) an index of all documents that identifies each document and indicates the date the document was filed in state court, and copies of each such document (**Exhibit F**); (c) all executed process in the case (*see* **Exhibit B**); a copy of the docket sheet in the state court action (**Exhibit G**); and (d) a list of all counsel of record and parties represented (**Exhibit H**).

### OTHER REMOVAL MATTERS

19.     A true and correct copy of all processes, pleadings, and the order served upon Philadelphia Indemnity in the state court action are being filed with this Notice of Removal, as required by 28 U.S.C. § 1446(a).

20.     The other Defendant that Plaintiff has named in this action, Crawford & Company, has consented, through its attorney of record, to the removal of this action and the filing of this Notice of Removal.  28 U.S.C. § 1446(a).  A formal Consent to Removal is attached as **Exhibit E**.

### CONCLUSION

21.     Philadelphia Indemnity gives notice to the Court of their removal of the above-captioned action from the 414th Judicial District Court of McLennan County, Texas, and request that further proceedings be conducted in the United States District Court for the Western District of Texas, Waco Division, as provided by law.

Dated: August 8, 2016

Respectfully submitted,

_/s/   William R. Pilat_
William R. Pilat
Texas Bar No. 00788205
Admitted in Western District of Texas
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Rd., 10th Floor
Houston, Texas  77056
Telephone:  713-425-7400
Facsimile:  713-425-7700
E-mail:  wpilat@krcl.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE COMPANY

OF COUNSEL:

John P. Palmer
Texas Bar No. 15430600
Admitted in Western District of Texas
**NAMAN, HOWELL, SMITH & LEE, PLLC**
P.O. Box 1470
Waco, Texas 76703-1470
Telephone:  254-755-4100
Facsimile:  254-754-6331
E-mail:  palmer@namanhowell.com

---

DEFENDANT'S NOTICE OF REMOVAL

PAGE 6

4554117 (55220.00174.000)

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, via e-Filing:

Sean Bukowski
BUKOWSKI LAW FIRM, P.C.
815 Brazos Street, Suite 400
Austin, Texas 78701

John P. Palmer
NAMAN, HOWELL, SMITH & LEE, PLLC
P.O. Box 1470
Waco, Texas 76703-1470

Ramona Martinez
Michael C. Smith
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201

_____/s/   William R. Pilat_____
William R. Pilat