IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SPRING STREET APTS WACO, LLC | § | |
| | § | |
| VS. | § | C.A. NO. 6:16-CV-00315 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and | § | |
| CRAWFORD & COMPANY | § | |

*ON REMOVAL FROM:*

CAUSE NO. 2016-2445-5

| | | |
|---|---|---|
| SPRING STREET APTS WACO, LLC | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | McLENNAN COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and | § | |
| CRAWFORD & COMPANY | § | 414TH JUDICIAL DISTRICT |

EXHIBIT "A"

PLAINTIFF'S ORIGINAL PETITION
IN STATE COURT ACTION

FILED
MCLENNAN COUNTY
6/30/2016 5:02:03 PM
JON R. GIMBLE
DISTRICT CLERK

CAUSE NO. 2016-2445-5 _____        Ashley Snyder

| | | |
|---|---|---|
| SPRING STREET APTS WACO, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY AND | § | |
| CRAWFORD & COMPANY | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 414TH |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Spring Street Apts Waco, LLC (hereinafter "Plaintiff"), and complains of Defendants Philadelphia Indemnity Insurance Company (hereinafter "Philadelphia"), Crawford & Company (hereinafter "Crawford") (hereinafter referred to collectively as "Defendants"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Spring Street Apts Waco, LLC, is a Texas limited liability company located at 4419 Buena Vista Street, Apartment 13, Dallas, Texas 75205 and does business in

McLennan County, Texas. It owned the apartment community located in McLennan County known as The Hype Apartments (the "Property").

3. Defendant Philadelphia is a Philadelphia corporation doing business in Texas writing insurance policies and providing insurance coverage to businesses, and/or handling insurance claims. This includes the Commercial Lines Policy PHPK1018591 (the "Policy"), which applies to the subject Property, and is at issue in the present case. Philadelphia may be served by serving the Texas Commissioner of Insurance, PO Box 149104, Austin, Texas 78714.

4. Defendant Crawford & Company is a Georgia corporation doing business in Texas adjusting insurance claims. Crawford may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or any other place that said agent for service may be found.

### III.
### JURISDICTION AND VENUE

5. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. This court has jurisdiction over Defendant Philadelphia because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over said Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would also show that Plaintiff's causes of action arose from or relate to the contacts of Defendant Philadelphia to the State of Texas, thereby conferring specific jurisdiction.

8. This court has jurisdiction over Defendant Crawford because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and

established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over said Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.   Plaintiff would also show that Plaintiff's causes of action arose from or relate to the contacts of Defendant Crawford to the State of Texas, thereby conferring specific jurisdiction.

10. Venue is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events giving rise to this suit occurred within McLennan County.

## IV.
## NATURE OF THE CASE AND BACKGROUND FACTS

11. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered at the Property in this matter.  In addition to seeking economic and penalty based damages from Philadelphia, Plaintiff also seeks compensation from Crawford and its adjusters for damages caused by improperly evaluating the extensive losses associated with this case.

12. Plaintiff owned the Property known as The Hype Apartments, located at 1601 Spring Street, Waco, Texas 76704.

13. In 2013, Plaintiff purchased a commercial insurance policy from Philadelphia to cover the Property for loss due to wind and rain, among other enumerated perils, including business loss.

14. On or around March 28, 2014, a severe weather event struck Waco, Texas, and its surrounding counties and towns.  Extraordinary and sustained winds, and strong gusts, endured at the ground level. Accordingly, the Property, the subject of this lawsuit, suffered significant damage due to the weather event.

15. In the aftermath, Plaintiff relied on Philadelphia and Crawford and its adjusters to help begin the slow and painful repair process. By and through the Policy with Philadelphia, Plaintiff was objectively insured for the subject losses in this matter.

16. Pursuant to its obligations as a policy holder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period within which the severe weather event occurred.

17. Despite Plaintiff's efforts, Philadelphia continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

18. Moreover, Philadelphia failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to Plaintiff under the Policy is without dispute.

19. In the months following the filing of its claim, Plaintiff provided information to Philadelphia and Crawford, and gave Philadelphia and Crawford opportunities to inspect the Property. Crawford, however, failed to conduct a fair investigation into the damage to the Property. Crawford failed to properly inspect the Property and their related damages, failed to properly request information, failed to properly investigate the claims, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report to Philadelphia and make recommendations to it with regard to Plaintiff's claims.

20. Despite the Defendants' improprieties, Plaintiff continued to provide information regarding the losses and the related claims to Crawford and Philadelphia. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Crawford failed to properly adjust the claims and the losses. As a result, to this date, Plaintiff has not received proper payment for the claims, even though notification was provided shortly after the loss.

21. Defendants have failed to sufficiently explain the reasons for their refusal to offer adequate compensation for the damage to the Property. Philadelphia did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy.

22. Defendants have further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from any of the Defendants in a timely manner.

23. Philadelphia has, to date, refused to fully compensate Plaintiff under the terms of the Policy that Plaintiff paid for, even though it was Philadelphia that failed to conduct a reasonable investigation. Ultimately, Defendants performed a result-oriented investigation of Plaintiff's claims that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

24. Defendants have failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

25. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Philadelphia. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

V.
CONDITIONS PRECEDENT

26. All conditions precedent to recovery by Plaintiff have been met or have occurred.

## VI.
## AGENCY

27. All acts by Defendants were undertaken and completed by their officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendants and/or were completed in their normal and routine course and scope of employment with Defendants.

## VII.
## CAUSES OF ACTION

### Count I - Negligence

28. Plaintiff hereby incorporates all above paragraphs as if fully set forth herein.

29. Defendants owed a legal duty to Plaintiff to properly adjust the structural loss, property damage and other insurance losses associated with the Plaintiff's commercial Property. Defendants breached this duty in a number of ways, including but not limited to the following:

   a. Defendants were to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's commercial property loss;

   b. Defendants had a duty to competently and completely handle and pay all damages associated with Plaintiff's commercial Property; and/or

   c. Defendants failed to properly complete all adjusting activities associated with Plaintiff.

30. Defendants' acts, omissions, and/or breaches directly and proximately caused damage to Plaintiff.

### Count II – Breach of Contract

31. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32. According to the Policy, Philadelphia had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for claims made due to the extensive damages caused by the severe weather event.

33. As a result of the severe weather event, Plaintiff's Property suffered severe external and internal damages, and Plaintiff suffered additional business losses.

34. Despite objective evidence of such damages, Defendants have breached their contractual obligations under the subject insurance policy by failing to pay Plaintiff's benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### Count III – Violations of Texas Deceptive Trade Practices Act and Tie-In-Statutes

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

36. Defendants' collective actions constitute violations of the Deceptive Trade Practices Act ("DTPA"), including but not limited to Sections 17.46(b)(12), 17.46(b)(14), 17.46(b)(20), 17.46(b)(24), and Section and 17.50(a)(4) of the Texas Business and Commerce Code.

37. Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    c.    Using or employing an act or practice in violation of the Texas Insurance Code;

    d.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claims;

    e.    Failing to properly investigate Plaintiff's claims; and/or

      f.     Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendants in low-balling and/or denying Plaintiff's claim.

38. Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services had characteristics or benefits that they actually did not have, which entitles Plaintiff to recover under DTPA Section 17.46(b)(5).

39. Defendants represented to Plaintiff that the Policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, in violation of DTPA Section 17.46(b)(7).

40. By representing that Defendants would pay the entire amount needed by Plaintiff to repair the damages caused by a severe wind event and then not doing so, Defendants have violated Sections 17.46(b)(5), (7), and (12) of the DTPA.

41. Defendants have breached an express warranty that damage caused by a severe wind event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under DTPA Sections 17.46(b)(12) and (20) and 17.50(a)(2).

42. Defendants' actions, as described herein, were unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct entitles Plaintiff to relief under DTPA Section 17.50(a)(3).

43. Defendants' conduct, acts, omissions, and failures, as described in this Original Petition, constituted unfair practices in the business of insurance in violation of DTPA Section 17.50(a)(4).

44. Plaintiff was a consumer, as defined under the DTPA, and relied upon Defendants' false, misleading, and deceptive acts and practices to its detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.

45. All of the above-described acts, omissions, and failures of Defendants are a direct and proximate cause of Plaintiff's damages.

46. Because Defendants' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendants having knowingly committed their conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendants having intentionally committed such conduct.

47. As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Texas Business and Commerce Code Section 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

## Count IV - Violations of Texas Insurance Code

48. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

49. Defendants' actions constitute violations of the Texas Insurance Code, including but not limited to, Sections 541.060, 541.061, and 542.058. Specifically, Defendants engaged in certain unfair or deceptive acts or practices including, but not limited to the following:

    a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

> insurer's denial of a claim or for the offer of a compromise settlement of a claim;
>
> c.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
>
> d.   Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;
>
> e.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or
>
> f.   Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

50. Plaintiff was the insured or beneficiary of a claim that was apparently valid, and Plaintiff relied upon Defendants' unfair or deceptive acts or practices to its detriment.

51. As a direct and proximate result of Defendants' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

52. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages.

53. As a result of Defendants' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the Texas Business & Commercial Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

### Count V – Breach of Duty of Good Faith and Fair Dealing

54. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

55. By its acts, omissions, failures and conduct, Defendants breached their common law duty of good faith and fair dealing. Defendants denied Plaintiff's claims without any reasonable basis and failed to conduct a reasonable investigation to determine whether there was a reasonable basis for its denials.

56. Defendants had no reasonable basis for refusing payment of the full amount of the claim and should have known of that fact.

57. Defendants also breached their duty of good faith and fair dealing owed to Plaintiff by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, when Defendants knew or should have known that it was reasonably clear that Plaintiff's claims were covered. These acts, omissions, failures, and conduct by Defendants are a proximate cause of Plaintiff's damages.

### Count VI – Unfair Insurance Practices

58. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

59. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

60. Such violations include, without limitation, all the conduct described herein and Defendants' failure to properly investigate Plaintiff's claims. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and

their failure to pay for the proper repair of the Property, as to which Defendants' liability had become reasonably clear.

61. Additional violations include Defendants' hiring of and reliance upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying Plaintiff's claim. They further include Defendants' failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendants' misrepresentations of coverage under the subject insurance policy. Specifically, Defendants are also guilty of the following unfair insurance practices:

a.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b.   Engaging in unfair claims settlement practices;

c.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendants' liability had become reasonably clear;

e.   Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f.   Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

g.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

62. Defendants also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

### Count VII - Misrepresentation

63. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

64. Defendants did not inform Plaintiff of certain exclusions in their policy. Defendants made misrepresentations about the Policy with the intention that they be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to its detriment.

65. Defendant made negligent misrepresentations regarding the Policy and Plaintiff's coverage, which Plaintiff relied upon to its detriment.

66. As a direct and proximate result of Defendants' misrepresentations, Plaintiff suffered damages, including but not limited to loss of their businesses, loss of use of their businesses, mental anguish and attorney fees. Defendants are liable for these actual consequential and penalty-based damages.

### Count VIII – Common-Law Fraud By Misrepresentation

67. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

68. Defendants, individually or collectively, perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, which relied upon such representations. Such representations ultimately resulted in its injuries and damages. Alternatively, Defendants fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff that was foreseeable.

69. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff sustained damages far in excess of the minimum jurisdictional limits of this Court.

70. By reason of Plaintiff's reliance on Defendants' individual and/or collective fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff suffered actual damages.

71. Because Defendants individually and/or collectively, knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendants, individually and/or collectively, and constitute conduct for which the law allows the imposition of exemplary damages.

72. Plaintiff has incurred significant litigation expenses, including attorney's fees, in the investigation and prosecution of this action.

73. Accordingly, Plaintiff requests that penalty damages be awarded against Defendants, individually and/or collectively, in a sum in excess of the minimum jurisdictional limits of this Court.

## VIII.
## WAIVER AND ESTOPPEL

74. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

75. Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## IX.
## DAMAGES

76. Defendants' acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this court.

**X.**
**ADDITIONAL DAMAGES & PENALTIES**

77. Defendants' conduct was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under DTPA Section 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is entitled to 18% interest on the amount of its claim, allowed by the Texas Insurance Code.

**XI.**
**ATTORNEY'S FEES**

78. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001 *et. seq.* of the Civil Practice and Remedies Code.

**XII.**
**REQUESTS FOR DISCLOSURE**

79. Pursuant to the Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant provide the information described in Rule 194.2 within fifty (50) days after service of this request.

**XIII.**
**REQUEST FOR PRODUCTION TO PHILADELPHIA**

80. Pursuant to Texas Rule of Civil Procedure 196, produce Philadelphia's complete claim file for the premises relating to or arising out of any damage that occurred in the spring of 2014, or around the occurrence of the March 28, 2014 severe wind event.

81. Produce all emails and other forms of communication between Philadelphia, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the property which is the subject of this suit.

## XIV.
## REQUEST FOR PRODUCTION TO CRAWFORD

82.  Pursuant to Texas Rule of Civil Procedure 196, Produce Crawford's complete claim file for the premises relating to or arising out of any damage that occurred that occurred in the spring of 2014, or around the occurrence of the March 28, 2014 severe wind event.

83.  Produce all emails and other forms of communication between Crawford, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the property which is the subject of this suit.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Judgment be entered against Defendants, jointly and severally, that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within its Original Petition.

Respectfully submitted,

The Bukowski Law Firm, P.C.

_____
Sean Bukowski
Texas Bar No. 24031896
1601 Rio Grande, Suite 300A
Austin, Texas 78701
sbukowski@bukowskilawfirm.com
(512) 614-0335
(832) 201-0822 (fax)


**ATTORNEYS FOR PLAINTIFF**