IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SPRING STREET APTS WACO, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CASE NO. 6:16-CV-00315-RP-JCM** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **CRAWFORD & COMPANY,** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF, SPRING STREET APTS WACO LLC'S OPPOSED MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY AND/OR OVERRULE OBJECTIONS**

The Bukowski Law Firm, P.C.

Sean Bukowski
Texas Bar No. 24031896
1601 Rio Grande, Suite 300A
Austin, Texas 78701
sbukowski@bukowskilawfirm.com

Attorneys for Plaintiff

**BACKGROUND**

1. This is a first party insurance dispute regarding the extent of damages and amount of loss suffered at the insured property. On June 30, 2016, Plaintiff filed a lawsuit against Defendant alleging that Defendant breached the insurance contract, breached its duty of good faith and fair dealing and committed bad faith in its investigation and handling of Plaintiff's claim.

2. On November 22, 2016, Defendant filed a counterclaim against Plaintiff asserting that Plaintiff had committed insurance fraud and conspiracy to commit fraud. The counterclaim was based upon a single allegation of man-made damage contained in Defendant's engineer, Timothy Marshall's report (the "Haag Report") from November 2015, which had been rebutted by Plaintiff's engineer's report shortly after.

3. On December 13, 2016, Plaintiff filed its Amended Complaint which includes, among other allegations, that, "instead of making adequate payment on the claim, seeking a reasonable settlement or denying coverage, Philadelphia has, in bad faith, after over a year of obtaining the Haag Report, pursued a baseless counterclaim against Plaintiff for fraud."

4. On April 5, 2017, this Court dismissed Defendant's counterclaims pursuant to the economic loss rule.

5. On April 10, 2017, Plaintiff served its Rule 26(a)(2)(b) expert designations and reports on Defendant. In his report, Plaintiff's bad faith expert, Don Dinsmore, specifically addressed Defendant's counterclaim and its allegations of fraud. In his report, Mr. Dinsmore states:

> …These defamatory allegations are especially remarkable in that they are based on the report of Timothy Marshall, PE, who reached his conclusions without a personal inspection of the damage but rather by review of others' photographs only. This is an extremely serious matter with the insurance claims industry. Specialists in handling insurance claim fraud generally apply a "clear and convincing" evidence standard because such is the standard for fraud in many jurisdictions. Such an allegation should only be made when the fraud file handler has concrete evidence of fraud that would typically include: statements (especially examination-under-

oath "EUO"), physical inspection and examination; investigation into motvie; corroborating evidence of conflict with statements; and reporting plus coordination with law enforcement. No such evidence has been reviewed by the PIIC production to date. The inspection report of PIIC's first expert (Walter Scott Podres PE, of Donan Engineering) made no mention of such "mechanical means' i.e. "man-made" damages. This allegation goes beyond an expert's reach. This allegation is improper by insurance industry standards. If PIIC, had internally reached such a conclusion, it would be a violation of policy terms and should have triggered a formal coverage question procedure (below). Review of the claim file shows no Reservation-of-Rights letter; no other notice of coverage question to the policyholder; no fraud investigation; no EUO; no committee decision; no written confirmation of the decision to the policyholder; and no declaratory judgment action.

See Dinsmore Report at Pages 9-10 attached as Exhibit "A."

6. On April 18, 2017, Plaintiff served its First Request for Production and First Set of Interrogatories upon Defendant through its counsel.

7. On May 17, 2017, Defendant served its Objections and Responses to Plaintiff's First Request for Production. See Responses attached as Exhibit "B." On May 31, 2017, Defendant served its answers to interrogatories upon Defendant. See Answers attached as Exhibit "C."

8. In its discovery requests, Plaintiff sought information about Defendant's allegations of fraud, man-made damage, and the counterclaim. Such requests are directly related to Plaintiff's allegations that Defendant breached the insurance contract, breached its duty of good faith and fair dealing, and committed bad faith in its investigation and handling of Plaintiff's claim.

9. More specifically, Defendant objected to Plaintiff's requests for production no. 26-28. The requests and responses/objections are reproduced below:

**REQUEST NO. 26:** [1]

All documents relating to Your decision to pursue a counterclaim against Plaintiff for fraud and conspiracy to commit fraud, including, but not limited to, all

---

[1] Although Plaintiff does not specifically address Defendant's answers to interrogatories, it should be noted that interrogatory no. 12 and Defendant's objection to that interrogatory are substantially identical to request no. 26 and a ruling overruling the objections to request no. 26 should be equally applicable to interrogatory no. 12.

correspondences or other documents exchanged internally or between You and Crawford & Company.

**RESPONSE:**

In light of the fact that the Court dismissed Philadelphia's counterclaims on April 5, 2017, Philadelphia objects to this request on the grounds it seeks information and documents that are not relevant to the matters that form the basis of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Philadelphia separately objects to this request on the grounds it seeks documents exempt from discovery as attorney work product and/or attorney client communications. Philadelphia has only withheld documents exempt from discovery on one or both of these grounds. Subject to the foregoing objections, Philadelphia refers Plaintiff to the reports issued by Timothy P. Marshall, P.E. of Haag Engineering, Inc.

**REQUEST NO. 27:**

All documents relating to any mechanical or "man-made" damage on the Property as it concerns the Claim, including, but not limited to, all correspondences or other documents exchanged internally or between You and Crawford & Company.

**RESPONSE:**
Philadelphia objects to this request on the grounds it seeks documents exempt from discovery as attorney work product and/or attorney-client communications. Philadelphia has only withheld documents exempt from discovery on one or both of these grounds. Subject to the foregoing objections, Philadelphia refers Plaintiff to the reports issued by Timothy P. Marshall, P.E. of Haag Engineering, Inc.

**REQUEST NO. 28:**
All documents relating to any alleged fraud committed by Plaintiff and/or its agents, representatives or employees as it concerns the Claim, including, but not limited to, all correspondences or other documents exchanged internally or between You and Crawford & Company.

**RESPONSE:**

In light of the fact that the Court dismissed Philadelphia's counterclaims on April 5, 2017, Philadelphia objects to this request on the grounds it seeks information and documents that are not relevant to the matters that form the basis of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Philadelphia separately objects to this request on the grounds it seeks documents exempt from discovery as attorney work product and/or attorney client communications. Philadelphia has only withheld documents exempt from discovery on one or both of these grounds. Subject to the foregoing objections, Philadelphia refers Plaintiff to the reports issued by Timothy P. Marshall, P.E. of Haag Engineering, Inc.

See Exhibit "B."

## MEMORANDUM OF LAW

### I. Standard of Review

Pursuant to Rule 37(a)(3), a party seeking discovery may move to compel discovery if the opposing party fails to produce documents or answer an interrogatory. "Trial courts are afforded substantial discretion in determining whether to grant or deny a motion to compel discovery." Escamilla v. United States, No. EP-14-CV-00246-FM, 2015 WL 12732889 (W.D. Tex. Apr. 13, 2015).

"The Fifth Circuit requires a party who objects to discovery to specifically show how each request for production is burdensome or irrelevant." Flanagan v. Marriott Hotel Services, Inc., No. SA-13-CA-441-OG, 2014 WL 12586404 (W.D. Tex. March 12, 2014). With respect to the work product privilege, "[t]he burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial." Total RX Care, LLC v. Great Northern Insurance Company, 318 F.R.D 587 (N.D. Tex. 2017). "A general allegation of work product protection is insufficient to meet this burden. Instead, a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection." Id. (internal citations omitted).

### II. Arguments

#### A. *Documents Responsive to Requests No. 26 and 28 are relevant and discoverable*

As shown above, Defendant objected to requests for documents related to the decision to pursue a counterclaim against Plaintiff and related to any alleged fraud Plaintiff committed. Defendant asserted that the documents are not relevant to the matters that form the basis of the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. But, as also established above, these requests are directly relevant to Plaintiff's allegations that Defendant breached the insurance contract, breached its duty of good faith and fair dealing, and has

5

committed bad faith in its investigation and handling of Plaintiff's claim. Indeed, in Plaintiff's bad faith claim, it specifically referenced Defendant's filing of a counterclaim. Moreover, Plaintiff's bad faith expert has opined and will opine on the impropriety and bad faith handling of Plaintiff's claim as it relates to the counterclaim and the allegations of fraud. The fact that the counterclaim was dismissed by the Court—only after Plaintiff filed a Motion to Dismiss—does not affect the relevance of the counterclaim or the fraud allegations to the lawsuit because they are evidence of Defendant's bad faith. As stated in the Amended Complaint, Defendant pursued a baseless counterclaim instead of making adequate payment on the claim, seeking a reasonable settlement, or denying coverage.

Federal Rule of Civil Procedure 26(b)(1) governing the scope of discovery states that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" With respect to what is relevant, at least one Western District Court has succinctly stated:

> The phrase "relevant to the subject matter involved in the action" has been interpreted "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Further, the Federal Rules of Evidence define "relevant evidence" to comprise evidence that "has any tendency to make a factor more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." Several district courts in this Circuit have held that if there is any possibility that a discovery request will be relevant to a party's claim or defense, it should be allowed.

Maintenance Engineers, Inc. v. G 2-V Enterprises, No. EP-15-CV-00024-FM, 2015 WL 13049222 (W.D. Tex. October 23, 2015).

Information in Defendant's possession regarding its decision to pursue the counterclaim and any alleged fraud by Plaintiff clearly bears on the issues of breach of contract, breach of good faith and fair dealing, and bad faith in this lawsuit. As established by the Amended Complaint and

Plaintiff's expert's opinion, it is clearly possible that Plaintiff's request for documents related to the fraud counterclaim and any alleged fraud by Defendant will be relevant to Plaintiff's claims. Moreover, the evidence in such documents has the tendency to make a factor, such as Defendant's bad faith, more or less probable than it would be without the evidence. Therefore, requests no. 26 and 28 are relevant to the instant case and Defendant's objections regarding relevancy should be overruled.

B.   *Documents Responsive to Requests No. 26 - 28 are not work product privileged and are discoverable*

Defendant further objects to requests no. 26, 27 and 28 under the "attorney work product privilege." Request no. 26 seeks any documents related to Defendant's decision to pursue a counterclaim against Plaintiff. Request no. 27 seeks any documents relating to any "man-made" damage on the property as it concerns the claim. Request no. 28 seeks any documents relating to any alleged fraud committed by Plaintiff. All three requests stated that the scope included, but was not limited to, correspondences and documents exchanged internally by Defendant or between Defendant and its adjuster, Crawford & Co.

Rule 26(b)(3) states that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." However, under the Rule, "[a] party may only obtain discovery of documents prepared in anticipation of litigation or for trial upon showing that the party seeking discovery has (1) substantial need of the materials to prepare for his or her case and (2) that the party cannot obtain the substantial equivalent of the materials by other means without undue hardship." Total RX Care, LLC v. Great Northern Insurance Company, 318 F.R.D 587 (N.D. Tex. 2017) citing Rule 23(b)(3).

The work product rule further "accords special protection to work-product revealing the attorney's mental processes." <u>Id.</u> (internal citations omitted). <u>See Also</u> <u>Enron Corp. Savings Plan v. Hewitt Associates, LLC</u>, 258 F.R.D 149 (S.D. Tex. 2009) ("The level of protection from disclosure depends on whether work-product is classified as 'ordinary' or 'opinion' work product." Therefore, "if the materials sought are opinion work-product then a court may compel discovery only if the party seeking the materials demonstrates a compelling need for the information." <u>Id.</u>

"The work product doctrine is not an umbrella that shades all materials prepared by a lawyer…The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation." <u>Graham v. San Antonio Zoological Society</u>, No. SA-15-CV-1054-XR, 2017 WL 136378 (W.D. Tex. Apr. 18, 2017).

Defendant asserts "attorney work product privilege" for requests no. 26, 27 and 28. However, it is not possible for all documents responsive to those requests to be considered attorney or opinion work product. Such documents, which include those exchanged internally within Philadelphia and between Philadelphia and Crawford, do not reveal an attorney's mental processes. Instead—if anything—such documents could only be considered ordinary work product, prepared in anticipation of litigation.

Assuming Defendant is claiming ordinary work product privilege for such documents, then Plaintiff has overcome the privilege because it has a substantial need for the materials in order to prepare for its case and Plaintiff cannot obtain the substantial equivalent of the materials by any other means.

First, Plaintiff has a substantial need for these documents because they are directly relevant to Plaintiff's claims. Defendant's mishandling of Plaintiff's claim, including its highly unusual and improper decision to pursue a counterclaim against Plaintiff using baseless and under-

investigated fraud allegations is of great significance as to whether Defendant breached the contract, breached the duty of good faith and fair dealing, and committed bad faith.  Second, Plaintiff cannot obtain documents related to Defendant's decision to pursue a fraud counterclaim or any documents in Defendant's possession related to fraud or man-made damage by any other means. These documents are solely and intimately in Defendant's possession.

Even if the requested docs were covered by opinion work product privilege, Plaintiff has overcome such privilege because Plaintiff has a compelling need for the information. As stated by Plaintiff's expert, Don Dinsmore, in his report, the allegations of fraud, man-made damage, and the counterclaim are "defamatory," "especially remarkable," "an extremely serious matter with the insurance claims industry," "beyond an expert's reach," and "improper by insurance industry standards." Defendant's actions, which are the subject of this lawsuit, have been extraordinary by insurance industry standards.  The bad faith involved in pursuing the counterclaim and failing to properly investigate the alleged fraud is not just defamatory as described by Mr. Dinsmore, but subjects Plaintiff to future scrutiny in any insurance transaction. Indeed, insurance fraud is also a crime under Texas law. Plaintiff therefore has a highly compelling need to obtain the requested information in order to root out the impropriety of Defendant's actions.

Therefore, Plaintiff has overcome both the ordinary and attorney/opinion work product privilege and Defendant must produce responsive documents. In the alternative, Plaintiff requests this Court order an *in camera* inspection of the documents Defendant alleges to be privileged.

## C.     *Documents Responsive to Requests No. 26 - 28 are not attorney client privileged and are discoverable*

Similar to the work product privilege, Defendant has objected to requests no. 26, 27 and 28 under the attorney client privilege. However, similar to Plaintiff's argument above with respect to the work product privilege, it is not possible that all responsive documents are subject to the

9

attorney client privilege. Among other documents requested, Plaintiff has asked for documents exchanged internally within Philadelphia and between Philadelphia and Crawford as they relate to the decision to pursue a fraud counterclaim and any alleged fraud or man-made damage. Such documents do not involve discussions with an attorney[2]. Therefore, Defendant must produce responsive documents including those referred above that are not attorney client privileged, or in the alternative Plaintiff requests this Court order an *in camera* inspection of the documents Defendant alleges to be privileged.

### D.    *Reservation of Rights as to Depositions*

Plaintiff requests that this Court grant Plaintiff the right to re-take any deposition of Defendant's witnesses regarding the alleged man-made damage, fraud and the counterclaim to the extent Defendant's objections to such topics are overruled by the Court.

## **CONCLUSION**

Defendant has objected to Plaintiff's requests no. 26-28 for documents related to Defendant's decision to pursue a fraud counterclaim, any alleged fraud and any man-made damage claiming irrelevancy, work product privilege and attorney client privilege. However, requests no. 26-28 are relevant to the lawsuit and are not subject to the work product privilege. Furthermore, there are responsive documents, including, but not limited to documents exchanged internally within Philadelphia and between Philadelphia and Crawford, which are not subject to the opinion work product privilege or the attorney client privilege and must be produced.

---

[2] Plaintiff stresses that it is not seeking confidential communications between Defendant and its attorney, but rather any responsive documents that are *not* between Defendant and its attorney. If none exist, Plaintiff requests that Defendant provide a better answer to discovery stating that none exist or produce a privilege log.

DATED this 23rd day of June, 2017.

                        The Bukowski Law Firm, P.C.

                        Sean Bukowski
                        Texas Bar No. 24031896
                        1601 Rio Grande, Suite 300A
                        Austin, Texas 78701
                        sbukowski@bukowskilawfirm.com
                        (512) 614-0335
                        (832) 201-0822 (fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

      The undersigned hereby certifies that counsel for Plaintiff contacted and conferred with counsel for Defendant Philadelphia Indemnity Insurance Company regarding the relief requested in this motion. Defendant's counsel opposes this relief.

                        Sean Bukowski

**CERTIFICATE OF SERVICE**

      This is to certify that on June 23rd, 2017, a true and correct copy of the foregoing document was served electronically on the following parties:

| | |
|---|---|
| William R. Pilat | John P. Palmer |
| Kane Russell Coleman & Logan PC | Naman, Howell, Smith & Lee, PLLC |
| 5051 Westheimer Road, 10th Floor | P.O. Box 1470 |
| Houston, TX 77056 | Waco, Texas 76703 |
| wpilat@krcl.com | palmer@namanhowell.com |

                        Sean Bukowski

11