# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **SPRING STREET APTS WACO, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 6:16-CV-00315-RP-JCM |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY AND CRAWFORD & COMPANY,** | § § § § § | |
| Defendants. | § | |

## PLAINTIFF, SPRING STREET APTS WACO LLC'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL BETTER DISCOVERY RESPONSES AND/OR OVERRULE OBJECTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Spring Street Apts Waco, LLC, Plaintiff in the above entitled and numbered cause, and files this its Reply to Defendant's Response to Plaintiff's Motion to Compel Better Discovery Responses and/or Overrule Objections, and in support thereof would respectfully show as follows:

*Defendant's Response Violates the Local Rules*

On June 23, 2017, Plaintiff filed its Motion to Compel Better Discovery Responses and/or Overrule Objections (Plaintiff's "Motion"). On July 3, 2017, ten days after service of Plaintiff's Motion, Defendant filed its Response. Defendant's Response is fifteen (15) total pages, including two pages consisting of a signature block and a certificate of service and a half page case style header.

Plaintiff's Motion to Compel Discovery is a non-dispositive motion according to Local Rule CV-7(c). As a result, Defendant's Response was limited by Local Rule CV-7(e)(3) to a ten

(10) page limit and required by Local Rule CV-7(e)(2) to be filed within seven (7) days after the filing of Plaintiff's Motion. Pursuant to Local Rule CV-7(e)(2), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Defendant exceeded the page limit by roughly two and a half pages and filed its Response three days after the deadline.

This is not the first time that Defendant has violated the Local Rules regarding non-dispositive motions. In Plaintiff's Response to Defendant's Motion to Limit Testimony dated May 3, 2017, Plaintiff expressly argued that Defendant violated Local Rule CV-7 by filing a non-dispositive motion that was over ten (10) pages long and did not contain a certificate of conference. (Pf's Resp. to Def's Mot. to Limit Testimony, ECF 52).

Because Defendant has repeatedly violated the same Local Rules on non-dispositive motions, Plaintiff requests that this Court rule on Plaintiff's Motion as unopposed and/or, at the least, limit its review of Defendant's Response to only the first ten-and-a-half pages.

*Plaintiff is not Seeking Attorney-Client Privileged Information*

Plaintiff reiterates its position on attorney client privilege that was stated in its Motion, and emphasized in a footnote: "Plaintiff stresses that it is not seeking confidential communications between Defendant and its attorney." (Pf's Mot. to Compel Better Answers, ECF 67, p 10). Rather, Plaintiff is seeking any discovery materials (not including those exchanged between Defendant and its attorney) that relate to the counterclaim, allegations of fraud, or the allegations of man-made damage. This could include, but not is limited, to discovery materials exchanged internally within Philadelphia, or between Philadelphia and Timothy Marshall. Neither of those above-described discovery materials would involve confidential communications between Defendant and its attorney.

As Plaintiff has already addressed the issue of attorney-client privilege and explained that it is not seeking such privileged documents, Defendant's repeated references to the attorney-client privilege appear to simply be an attempt to distract from the real issues of the Motion including that Plaintiff has overcome the qualified work product privilege.

*Plaintiff has Met its Burden to Overcome the Work Product Privilege*

Defendant alleges that Plaintiff has not met the two-part test to obtain Defendant's ordinary (as opposed to core) work product, prepared in anticipation of litigation. As stated by Defendant in its Response, the two-part test requires "substantial need for the material" and that "materials equivalent to those sought cannot be obtained without substantial hardship." (Def's Resp. to Pf's Mot. to Compel Better Answers, ECF 68, ¶ 29).

Plaintiff has shown that it has a substantial need for the material in order to prosecute its claims. Plaintiff sued Defendant alleging, among other allegations, that Defendant delayed adequate payment and forced needless litigation expenses onto Plaintiff by pursuing a baseless counterclaim. In doing so, Defendant breached its contract with Plaintiff, fell below insurance industry standards, and committed bad faith. Defendant's counterclaim alleged that, "Philadelphia has **credible evidence** that the damage it observed at the property…was man-made created for the purpose of causing Philadelphia to pay Spring Street to replace roofs that did not damage from a covered cause of loss." (Def.'s 2nd Am. Answer and Countercl., ECF 31, ¶ 125). (emphasis added).

In order to show that Defendant breached its contract, fell below insurance industry standards, and committed bad faith by pursuing its counterclaim, Plaintiff substantially needs discovery related to the allegedly credible evidence of fraud and intentional man-made damage in Defendant's possession. In order to prosecute its claims against Defendant, Plaintiff further needs information regarding the credibility of Defendant's alleged evidence of intentional man-made

damage and why the counterclaim was pursued, including whether Defendant followed its own claims handling guidelines and those of the insurance industry in doing so. As stated by Plaintiff in its Motion, "Defendant's mishandling of Plaintiff's claim, including its highly unusual and improper decision to pursue a counterclaim against Plaintiff using baseless and under-investigated fraud allegations is of great significance as to whether Defendant breached the contract, breached the duty of good faith and fair dealing, and committed bad faith." (Pf's Mot. to Compel Better Answers, ECF 67, p 8-9).

Is it moreover quite clear that materials equivalent to those sought cannot be obtained by Plaintiff without substantial hardship. As stated in Plaintiff's Motion, "these documents are solely and intimately in Defendant's possession." (Id., p 9). Defendant has not argued otherwise. The only possible way for Plaintiff to obtain materials related to the alleged man-made damage, fraud or the counterclaim is through discovery.

Because Plaintiff has met its burden of showing substantial need for the requested materials and that materials equivalent to those requested cannot be obtained without substantial hardship, Defendant's objection as to work product privilege for materials prepared in anticipation of litigation is overcome and Defendant must produce the requested materials.

*The Discovery Sought is Relevant to the Lawsuit*

The counterclaim and its allegations of fraud and man-made damage are relevant to Plaintiff's lawsuit. Plaintiff has alleged that "instead of making adequate payment on the claim, seeking a reasonable settlement or denying coverage, Philadelphia has, in bad faith, after over a year of obtaining the Haag Report, pursued a baseless counterclaim against Plaintiff for fraud." (Pf's 1st Am. Compl. ¶ 25, ECF 29). Plaintiff's bad faith expert, Don Dinsmore, has explained that Defendant pursuing a counterclaim, alleging insurance fraud, and claiming that there was intentional man-made damage on the property without a proper basis or investigation constitutes

4

bad faith and is improper by insurance industry standards. (Pf's Mot. to Compel Better Answers, ECF 67, ¶ 5, Ex. A).

Defendant argues that the counterclaim and its allegations are not relevant because the counterclaim was dismissed. Even if the counterclaim was dismissed by the Court (not by Defendant), it does not follow that Defendant did not still pursue a baseless counterclaim against Plaintiff in an effort to needlessly increase Plaintiff's litigation expenses and avoid making adequate payment. Indeed, it is of no significance that the counterclaim was dismissed. The same bad faith course of conduct would be at issue in this case, regardless of whether the counterclaim was active or not.

Because are clearly relevant to Plaintiff's allegations of bad faith, Defendant's objection as to relevance is overcome and Defendant must produce the requested materials.

*Conclusion*

Without an adequate investigation and without following its own, or the industry-level, standards, Defendant filed a counterclaim against Plaintiff alleging that Plaintiff committed insurance fraud using intentionally man-made damage. Plaintiff's amended complaint alleges that Defendant breached its contract, breached its duty of good faith to Plaintiff and committed bad faith in doing so. As such, Plaintiff has sought relevant discovery as to the counterclaim, the alleged man-made damage and the allegations of fraud. Plaintiff has also met its burden with respect to obtaining ordinary work product privileged discovery on these issues. Therefore, Plaintiff's Motion should be granted.

DATED this 7th day of June, 2017.

                                                        The Bukowski Law Firm, P.C.

                                                        Sean Bukowski
                                                        Texas Bar No. 24031896
                                                        1601 Rio Grande, Suite 300A
                                                        Austin, Texas 78701
                                                        sbukowski@bukowskilawfirm.com
                                                        (512) 614-0335
                                                        (832) 201-0822 (fax)
                                                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on June 7th, 2017, a true and correct copy of the foregoing document was served electronically on the following parties:

| | |
|---|---|
| William R. Pilat | John P. Palmer |
| Kane Russell Coleman & Logan PC | Naman, Howell, Smith & Lee, PLLC |
| 5051 Westheimer Road, 10th Floor | P.O. Box 1470 |
| Houston, TX 77056 | Waco, Texas 76703 |
| wpilat@krcl.com | palmer@namanhowell.com |

                                                         Sean Bukowski